ADOLPH C. HARKNESS, Plaintiff, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Defendant.

City Court of New York, Bronx County, May 2, 1935.

*Steckler, Frank & Steckler*, for the plaintiff.

*Mudge, Stern, Williams & Tucker* [*George L. Trumbull* and *Randolph H. Guthrie* of counsel], for the defendant.

ADLERMAN, J. The action is based upon a traveler's letter of credit issued by the defendant to one Grandgerard. The action previously brought in this court upon the letter of credit was dismissed upon the ground that the letter of credit in question was not negotiable and that the plaintiff had not complied with the conditions imposed. The present cause of action is for moneys had and received. The complaint alleges $3,000 was deposited by one H. I. Grandgerard in the defendant bank, and which defendant agreed to repay to his order or assignee on demand, and that the alleged claim has been assigned by mesne assignments to plaintiff. The defendant claims that no deposit in fact was ever made by said Grandgerard with the defendant or by any one in his behalf. Defendant states that under date of July 5, 1929, at the request of the Tidewater Oil Company and upon their guaranty, it did issue a traveler's letter of credit, which, subject to the conditions therein contained, could be drawn upon by said Grandgerard. A photostatic copy of an agreement by the defendant with the Tidewater Oil Company, submitted herein, shows that the Tidewater Oil

Company agreed, among other things, to repay to the defendant the amount of the draft drawn under such letter of credit.

On September 4, 1929, defendant received three drafts purported to be drawn upon this letter of credit and defendant advised Tidewater Oil Company thereof. On September 5, 1929, the Tidewater Oil Company advised defendant that said Grandgerard had no right or authority to draw the drafts in question and that they declined to pay the same and informed the defendant that said Grandgerard's employment with the Tidewater Oil Company had been terminated. In this instance the defendant claims that it did not extend credit to Mr. Grandgerard, but rather to his employer, the Tidewater Oil Company, which guaranteed to repay the plaintiff all sums drawn on the letter of credit. This did not appear upon the face of the letter of credit and it must be assumed for the purpose of this motion that the plaintiff's assignor had no knowledge of this private arrangement. The defendant has issued this letter of credit to Grandgerard, by which the defendant " held out to the world " that Grandgerard could irrevocably call on it for $3,000.

The issuing of the traveler's letter of credit may be regarded as a representation that the defendant bank has in its possession funds with which to make good its letter of credit. It may be said that the applicant for a traveler's letter of credit ordinarily deposits money with the issuing bank, to be paid to the beneficiary of the credit; or if the applicant does not deposit actual money, he arranges for an equivalent which amounts to the same thing. An estoppel is, therefore, created whereby the defendant bank cannot deny that it received money or its equivalent.

Omer F. Hershey, in 32 Harvard Law Review (at p. 7), said: " If in French law the letter of credit testifies to an opening of a credit, in our law it may be said to amount to an acknowledgment of money received from the holder of the letter to the use of the person to whom it is addressed upon the conditions named in the letter. When acted upon by the person to whom it is addressed this would certainly estop the issuer of the letter from denying that he held the money as acknowledged." At page 18, in discussing the case of *Johannessen* v. *Munroe* (158 N. Y. 641), which he cites for the proposition that the issuer of a letter of credit is estopped from denying that he received the money, he states: " But in connection with the more difficult point as to revocation and the use made of the letter by the holder, what does the letter represent? It purports to be an authority to draw bills and a clearly implied promise to accept and pay them; and the answer to addressee's inquiry, beyond being a representation of the genuineness of the paper, is but promissory — promising in effect that the letter would

not be revoked and that payment of drafts thereunder would not be stopped. And yet the court palpably feels that there is something else involved in the very issuance of a letter of this sort,— that inherently and by general commercial understanding it represents something else. What is this something else? What can it be but that the issuer had funds of the holder to the amount of the letter which he held by the direction of the holder to the use of the addressee subject to the terms of the letter? If the letter amounted to such a representation, then, the moment the addressee acted thereon and changed his position on the faith thereof, the issuer was estopped to deny that he held the money to addressee's use, and was liable, whether the change of position amounted to an acceptance of an offer or not. Other courts have taken a similar view of such letters."

The letter of credit, however, is addressed to the banks and bankers mentioned in their list of correspondents, and it is contended that the plaintiff's assignor, A. Morin, was not one of the banks or bankers. I must assume it was so addressed to such banks or bankers for the purpose of facilitating payment only through such bank or bankers, and hence any person, when shown the letter of credit, had a right to believe that Grandgerard had a valid claim against the defendant and that the defendant had the funds with which to make good. Morin had a right to believe that he was purchasing a valid claim against the defendant and he asserts that he parted with a good and valuable consideration therefor.

This being an action for money had and received, and not one for recovery upon drafts under the letter of credit, all questions of compliance with the terms of the letter of credit must be ignored as having no place in the present case. There are, therefore, triable issues which cannot be disposed of on this motion for summary judgment, but must be determined upon a trial.

Motion denied. Submit order.